IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| JANIKA FERNAE BATES, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Civil Action No. 2:12cv580-MHT |
| | ) | (WO) |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

This matter is before the court on an amended motion to vacate, set aside, or correct

sentence under 28 U.S.C. § 2255.

## I.  INTRODUCTION

On September 23, 2011, a jury found the petitioner, Janika Fernae Bates ("Bates"),

guilty of one count of conspiracy to defraud the government through filing false income tax

returns, in violation of 18 U.S.C. § 286 (Count 1 of the indictment); eight counts of fraud

with identification documents, in violation of 18 U.S.C. §§ 1028(a)(7), 1028(b)(1)(D), and

1028(b)(2) (Counts 2, 4, 7, 9, 13, 17, 18, and 21); two counts of attempt and conspiracy to

commit wire fraud, in violation of 18 U.S.C. §§ 1343 and 1349 (Counts 22 and 23); and two

counts of aggravated identity theft, in violation of 18 U.S.C. § 1028A(a)(1) (Counts 24 and

25).  On December 21, 2011, the district court sentenced Bates to 94 months in prison.  Bates

took no appeal.

On July 3, 2012, Bates, proceeding *pro se*, filed this motion under 28 U.S.C. § 2255

(Doc. No. 1),[1] asserting claims that her trial counsel rendered ineffective assistance by:

(1)     failing to object to application of a four-level enhancement under U.S.S.G. § 2B1.1(b)(2) for an offense involving 50 or more victims, on the ground that her identity-theft victims should not be counted as victims under the guideline;

(2)     failing to object to application of a two-level enhancement under U.S.S.G. § 3B1.3 for abuse of a position of trust;

(3)     failing to object to application of a two-level enhancement under U.S.S.G. § 3C1.1 for obstruction of justice; and

(4)     failing to move for a judgment of acquittal.

Doc. No. 1 at 8-15; Doc. No. 2 at 2-5.[2]

On November 18, 2014, the Magistrate Judge entered a Recommendation that Bates's § 2255 motion should be denied with prejudice because the claims she presented did not entitle her to relief.  Doc. No. 16.  On November 19, 2014, this court received Bates's motion to amend her § 2255 motion to add a claim that her trial counsel rendered ineffective assistance at sentencing by failing to argue that the district court's reliance on Application Note 4(E) to U.S.S.G. § 2B1.1(b)(2) of the 2011 version of the Sentencing Guidelines to determine the number of victims of her offense violated the Ex Post Facto Clause.[3]  Doc. No.

---

[1] Except where indicated, document numbers ("Doc. No.") are those assigned by the Clerk in the instant civil action.  All page references are to those assigned by CM/ECF.  References to exhibits ("Resp't Ex.") are to exhibits filed by the Government with its response, Doc. No. 11.

[2] Doc. No. 2 is Bates's Memorandum in Support of the § 2255 Motion.

[3] Bates represented that she submitted her motion to amend to prison officials for mailing on November 12, 2014 (*see* Doc. No. 17 at 4), i.e., six days before the Magistrate Judge's November
(continued...)

17.  On November 20, 2014, this court entered an order withdrawing the Recommendation of November 18, 2014, and granting Bates's motion to amend her § 2255 motion.  Doc. No. 18 at 3.  In addition, this court directed the United States to file a supplemental response addressing the claim of ineffective assistance of counsel asserted by Bates in her motion to amend.  *Id*.  The Government filed its supplemental response on December 11, 2014 (Doc. No. 19), and Bates replied to the supplemental response on January 12, 2015 (Doc. No. 23).

For the reasons that follow, the court finds that an evidentiary hearing is not required and that, under Rule 8(a), *Rules Governing Section 2255 Proceedings in the United States District Courts*, the § 2255 motion, as amended, should be denied.

## II.  DISCUSSION

### A.    General Standard of Review

Because collateral review is not a substitute for direct appeal, the grounds for collateral attack on final judgments under 28 U.S.C. § 2255 are limited.   A prisoner is entitled to relief under § 2255 if the court imposed a sentence that (1) violated the Constitution or laws of the United States, (2) exceeded its jurisdiction, (3) exceeded the maximum authorized by law, or (4) is otherwise subject to collateral attack.  *See* 28 U.S.C. § 2255; *United States v. Phillips*, 225 F.3d 1198, 1199 (11th Cir. 2000); *United States v. Walker*, 198 F.3d 811, 813 n.5 (11th Cir. 1999).  "Relief under 28 U.S.C. § 2255 'is reserved for transgressions of constitutional rights and for that narrow compass of other injury that

[3](...continued)
18, 2014, Recommendation was entered.

3

could not have been raised in direct appeal and would, if condoned, result in a complete miscarriage of justice.'" *Lynn v. United States*, 365 F.3d 1225, 1232 (11th Cir. 2004) (citations omitted).

**B.    Ineffective Assistance of Counsel**

A claim of ineffective assistance of counsel must be evaluated against the two-part test announced in *Strickland v. Washington*, 466 U.S. 668 (1984).  First, a petitioner must show that "counsel's representation fell below an objective standard of reasonableness." *Id*. at 689.  Second, the petitioner must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id*. at 694; *see Chandler v. United States*, 218 F.3d 1305, 1313 (11th Cir. 2000).

Scrutiny of counsel's performance is "highly deferential," and the court indulges a "strong presumption" that counsel's performance was reasonable.  *Chandler*, 218 F.3d at 1314 (internal quotation marks omitted).  The court will "avoid second-guessing counsel's performance:  It does not follow that any counsel who takes an approach [the court] would not have chosen is guilty of rendering ineffective assistance." *Id*. (internal quotation marks and brackets omitted).  "Given the strong presumption in favor of competence, the petitioner's burden of persuasion – though the presumption is not insurmountable – is a heavy one." *Id*.

As noted, under the prejudice component of *Strickland*, a petitioner must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of

4

the proceeding would have been different." *Strickland*, 466 U.S. at 694. A "reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id*. The prejudice prong does not focus only on the outcome; rather, to establish prejudice, the petitioner must show that counsel's deficient representation rendered the result of the trial fundamentally unfair or unreliable. *See Lockhart v. Fretwell*, 506 U.S. 364, 369 (1993) ("[A]n analysis focusing solely on mere outcome determination, without attention to whether the result of the proceeding was fundamentally unfair or unreliable, is defective."). "Unreliability or unfairness does not result if the ineffectiveness of counsel does not deprive the defendant of any substantive or procedural right to which the law entitles him." *Id*. at 372.

Unless a petitioner satisfies the showings required on both prongs of the *Strickland* inquiry, relief should be denied. *Strickland*, 466 U.S. at 687. Once a court decides that one of the requisite showings has not been made, it need not decide whether the other one has been. *Id*. at 697; *Duren v. Hopper*, 161 F.3d 655, 660 (11th Cir. 1998).

## C.   Bates's Claims

### 1.   *Enhancement under U.S.S.G. § 2B1.1(b)(2) for Number of Victims*

Bates contends that her trial counsel rendered ineffective assistance by failing to object to the district court's application of a four-level enhancement under U.S.S.G. § 2B1.1(b)(2) based on the court's finding that her offense involved 50 or more victims. Doc. No. 1 at 8; Doc. No. 2 at 2-3. In this regard, Bates initially claimed only that her counsel was

5

ineffective for failing to argue that her identity-theft victims suffered no monetary loss and should therefore not be counted as "victims" for purposes of § 2B1.1(b)(2). *Id.* In her motion to amend, however, she expanded this claim to argue that the district court's use of the 2011 version of the Sentencing Guidelines, and specifically the court's reference to Application Note 4(E) to § 2B1.1(b)(2) as found in that version, to determine the number of her victims violated the Ex Post Facto Clause and that her trial counsel was ineffective for failing to make this argument at sentencing. Doc. No. 17.

As a general rule, "[t]he court shall use the Guidelines Manual in effect on the date that the defendant is sentenced." U.S.S.G. § 1B1.11(a). However, "[i]f the court determines that use of the Guidelines Manual in effect on the date that the defendant is sentenced would violate the *ex post facto* clause of the United States Constitution, the court shall use the Guidelines Manual in effect on the date that the offense of conviction was committed." U.S.S.G. § 1B1.11(b)(1). *See Peugh v. United States*, ___ U.S. ___, 133 S. Ct. 2072, 2084 (2013) (holding that the Ex Post Facto Clause is violated when a defendant is sentenced under a version of the guidelines promulgated after she committed her crime if the newer version of the guidelines yields a higher sentencing range). The Ex Post Facto Clause, U.S. Const. Art. I, § 9, cl. 10, protects people from, among other things, being subjected to a punishment more severe than that prescribed when the crime was committed. *See United States v. De La Mata*, 266 F.3d 1275, 1286 (11th Cir. 2001).

Bates was convicted of offenses that took place between June 2005 and April 2007.

*See* Resp't Ex. 4; Case No. 2:11cr6-MHT, Doc. No. 6.  She was sentenced on December 21, 2011, and the Presentence Investigation Report ("PSI"), which was adopted by the district court, indicates that the 2011 version of the Guidelines Manual (effective November 1, 2011) was used to calculate her offense level and sentencing range.  *See* PSI at 10, ¶ 22.  Bates argues that the district court's use of the 2011 Guidelines yielded a higher total offense level in her case than would have resulted from use of the 2006 Guidelines, which were in effect when her offenses ended.  This, she says, violated the Ex Post Facto Clause.  In particular, Bates argues that the district court's reliance on Application Note 4(E) to § 2B1.1(b)(2) in the 2011 Guidelines caused the court to overstate the number of her victims, resulting in a four-level enhancement under § 2B1.1(b)(2) based on the court's finding that her offense involved more than 50 victims.[4]  Doc. No. 17.  *See* U.S.S.G. § 2B1.1 cmt. n.4(E) (2011).

Section 2B1.1(b)(2)(B) of the Sentencing Guidelines calls for a four-level enhancement for certain fraud-related offenses involving 50 or more, but fewer than 250, victims.  U.S.S.G. § 2B1.1(b)(2)(B), (C) (2006) & (2011).[5]  The district court found that Bates's crime involved more than 50 victims and added four levels to her offense level under § 2B1.1(b)(2)(B).  The court arrived at this number by counting the IRS, HSBC Taxpayer

---

[4] Bates's original § 2255 motion did not assert an argument that use of the 2011 Guidelines in her case resulted in an *ex post facto* violation.  Her *ex post facto* argument was first asserted in her amendment to her § 2255 motion on November 19, 2014.  Her original argument concerning counsel's deficient performance regarding the number of victims attributed to her was limited to counsel's failure to argue that her identity-theft victims suffered no monetary loss.

[5] There is no difference in the language of § 2B1.1(b)(2)(B) as found in the 2006 and the 2011 versions of the Guidelines.

Financial Services ("HSBC"), and 54 individuals whose identities were stolen by Bates as victims of Bates's offense, which involved a scheme of using stolen identities to file false tax returns requesting tax refunds and then obtaining anticipation loans from HSBC based on those tax returns.

At sentencing, Bates's trial counsel objected to the § 2B1.1(b)(2) enhancement, arguing that the number of Bates's victims should be limited to the specific number of counts of identity theft for which she was convicted. Resp't Ex. 2 at 4-5, 19; Resp't Ex. 4 at 4. The district court rejected this argument, finding that acquitted and uncharged conduct may be taken into account at sentencing as "relevant conduct" under the Guidelines. Resp't Ex. 2 at 21, 40. Although Bates's counsel did not specifically argue that her identity-theft victims were not "victims" under § 2B1.1(b)(2) because they suffered no monetary loss, the district court raised this issue on its own and then considered arguments from both sides before finding that, for purposes of § 2B1.1(b)(2), an identity-theft victim need not suffer a monetary loss to be counted as a victim. Resp't Ex. 2 at 40-42. In so finding, the district court relied on Application Note 4(E) to § 2B1.1(b)(2), which states: "For purposes of subsection (b)(2), in a case involving means of identification[,] 'victim' means (i) ['any person who sustained any part of the actual loss,' U.S.S.G. § 2B1.1 cmt. n.1]; or (ii) *any individual whose means of identification was used unlawfully or without authority*." U.S.S.G. § 2B1.1 cmt. n.4(E) (emphasis added). Application Note 4(E) became effective in November 2009. Prior to implementation of Application Note 4(E), a victim for purposes

of § 2B1.1(b)(2) must have sustained an economic loss or bodily injury.  *See* U.S.S.G. § 2B1.1  cmt. n.1(A) & (B) (2006).

Notably, while the district court relied on Application Note 4(E), it did not make a finding that Bates's victims suffered no monetary loss, only that it was unnecessary to establish that they suffered a monetary loss to be considered "victims" under § 2B1.1(b)(2). In its supplemental response addressing the argument first raised by Bates in the amendment to her § 2255 motion, the Government contends that had Bates's counsel raised an "Ex Post Facto objection" at sentencing, the Government would have offered evidence establishing that the 54 individuals whose identities were stolen by Bates experienced delays in their tax refunds and other collateral consequences, such as having to fix damaged credit reports and difficulties in obtaining loans, because of Bates's offense.  Doc. No. 19 at 2-4.  As the Government correctly observes, the Eleventh Circuit has interpreted the term "victim" in § 2B1.1(b)(2), even under the narrower definition applicable before Application Note 4(E) became effective, to include a reimbursed party who suffered loss.  *United States v. Lee*, 427 F.3d 881, 895 (11th Cir 1995); *United States v. Nikoghosyan*, 408 F. App'x 272, 274 (11th Cir. 2011); *United States v. Smiley*, 210 F. App'x 972, 975 (11th Cir. 2006); *United States v. Cornelius*, 202 F. App'x 437, 439 (11th Cir. 2006).

The Government's point is well taken.  Bates does not demonstrate that, had her counsel argued that the court's reference to Application Note 4(E) was improper, because the application note provides a broader definition of the term "victim" than that provided in

earlier versions of the Sentencing Guidelines, and insisted that the Government be put to the task of presenting evidence regarding the delays Bates's victims experienced in receiving their tax refunds and other collateral consequences of her offense, the outcome of her sentencing proceedings would have been different.  That is, Bates fails to demonstrate that the individuals found to be victims for purposes of § 2B1.1(b)(2) would not have been deemed victims under the standards of the pre-Application Note 4(E) Guidelines.  Evidence of the delays in reimbursement by the IRS that Bates's victims experienced would have sufficed to establish that her victims were "victims" for purposes of § 2B1.1(b)(2), whether under the 2006 Guidelines or the 2011 Guidelines.  Consequently, Bates fails to demonstrate that an *ex post facto* violation resulted from use of the 2011 Guidelines at her sentencing. As such, she has not demonstrated that she was prejudiced by her counsel's failure to raise an "Ex Post Facto objection" at sentencing.  She is not entitled to relief based on this claim.

### 2. *Enhancement under U.S.S.G. § 3B1.3 for Abuse of Position of Trust*

Bates claims that her trial counsel was ineffective for failing to object at sentencing to a two-level enhancement under U.S.S.G. § 3B1.3 for abuse of a position of trust.  Doc. No. 1 at 12; Doc. No. 2 at 3.  She maintains she had to have a fiduciary relationship with either the IRS or HSBC for the abuse-of-trust enhancement to apply in her case and that she did not have a fiduciary relationship with the IRS or HSBC.  *Id*.

Section 3B1.3 of the Sentencing Guidelines calls for a two-level enhancement "[i]f the defendant abused a position of public or private trust, or used a special skill, in a manner

10

that significantly facilitated the commission or concealment of the offense[.]"  U.S.S.G. § 3B1.3.[6]  Application Note 2(B) to § 3B1.3 provides, in pertinent part, that the abuse-of-trust enhancement shall also apply to a defendant "who exceeds or abuses the authority of his or her position in order to obtain unlawfully, or use without authority, any means of identification."[7]  U.S.S.G. § 3B1.3 cmt. n.2(B).

Application Note 2(B) to § 3B1.3 cites as examples of an abuse of trust under the guideline:

> (i) an employee of a state motor vehicle department who exceeds or abuses the authority of his or her position by knowingly issuing a driver's license based on false, incomplete, or misleading information; (ii) a hospital orderly who exceeds or abuses the authority of his or her position by obtaining or misusing patient identification information from a patient chart; and (iii) a volunteer at a charitable organization who exceeds or abuses the authority of his or her position by obtaining or misusing identification information from a donor's file.

U.S.S.G. § 3B1.3 cmt. n.2(B).

The evidence showed that Bates worked as a customer service representative in the student loans consolidation division of a company called Electronic Data Systems ("EDS"). Through her position with EDS and her access to its student loans database, she obtained the names, birth dates, and social security numbers of EDS clients used in the scheme to file false tax returns.  These facts fall plainly within Application Note 2(B).  Bates abused the

---

[6] There is no difference in this regard between the 2006 and 2011 versions of the Sentencing Guidelines.

[7] For purposes of this Recommendation, there are no meaningful differences between the 2006 and 2011 versions of Application Note 2(B) of § 3B1.3.

authority of her position "to obtain unlawfully, or use without authority" sensitive personal identification information used to facilitate the commission of her offense.  She enjoyed a position of trust regarding students' identifying information comparable to that of a hospital orderly in the Application Note 2(B) example.  Her arguments regarding her lack of a fiduciary relationship with the IRS and HSBC are beside the point in the face of Application Note 2(B).  *See United States v. Cruz*, 713 F.3d 600, 608-09 (11th Cir. 2013).

Because the abuse-of-trust enhancement was correctly applied to Bates, her counsel did not render ineffective assistance by failing to argue against application of the enhancement.  Counsel is not ineffective for failing to raise a meritless claim.  *Chandler v. Moore*, 240 F.3d 907, 917 (11th Cir. 2001); *United States v. Winfield*, 960 F.2d 970, 974 (11th Cir. 1992).  Bates is not entitled to relief based on this claim.

### 3.    Enhancement under U.S.S.G. § 3C1.1 for Obstruction of Justice

Bates claims that her trial counsel was ineffective for failing to object at sentencing to the district court's application of a two-level enhancement under U.S.S.G. § 3C1.1 for obstruction of justice.  Doc. No. 1 at 15; Doc. No. 2 at 4.

Section 3C1.1 of the Sentencing Guidelines calls for a two-level enhancement if "the defendant willfully obstructed or impeded, or attempted to obstruct or impede, the administration of justice during the investigation, prosecution, or sentencing of the instant offense of conviction, and . . . the obstructive conduct related to . . . the defendant's offense

12

of conviction and any relevant conduct; or . . . a closely related offense."[8]  U.S.S.G. § 3C1.1.

The district court ruled that, based on the evidence presented at trial and at the sentencing

hearing, it was "convinced beyond a reasonable doubt, not merely by a preponderance of the

evidence," that Bates obstructed justice by suborning perjury by having her friend Nacretia

Lewis present false alibi testimony at trial.  Resp't Ex. 2 at 38.  Accordingly, the court found

the obstruction-of-justice enhancement under § 3C1.1 should apply to Bates.[9]  *Id*.

Bates's assertion that her counsel failed to object to the obstruction-of-justice

enhancement is factually incorrect.   Her counsel objected to the probation officer's

recommendation in the presentence report that this enhancement be applied (*see* PSI at 21,

"Objection No. 3") and challenged the enhancement at the sentencing hearing, where counsel

cross-examined the witnesses the Government called to support the enhancement and argued

vigorously against its application.   Resp't Ex. 2 at 28, 32-34, 38.   Contrary to Bates's

assertion, her counsel thoroughly challenged the § 3C1.1 obstruction-of-justice enhancement.

Moreover, Bates fails to demonstrate the enhancement was not warranted in her case.  She

establishes neither deficient performance by counsel nor resulting prejudice.   *Strickland v.*

*Washington*, 466 U.S. 668 (1984).   She is not entitled to relief based on this claim of

ineffective assistance of counsel.

---

[8] There is no difference in this regard between the 2006 and 2011 versions of the Sentencing Guidelines.

[9] *See, e.g.*, *United States v. Bradberry*, 466 F.3d 1249, 1254 (11th Cir. 2006) (recognizing suborning of perjury as a form of obstruction of justice).

13

### 4.    *Motion for Judgment of Acquittal*

Bates alleges that her trial counsel rendered ineffective assistance by failing to move for a judgment of acquittal.  Doc. No. 1 at 13; Doc. No. 2 at 5.

Again, Bates has presented a claim that is factually incorrect.  Her trial counsel moved for a judgment of acquittal after the Government's case was presented, and again after the defense rested.  *See* Resp't Ex. 1 at 10; *see also* Case No. 2:11cr6-MHT, Doc. No. 73 at 4-5. The district court heard the motions and denied them.  *Id*.  Bates fails to prove ineffective assistance by her counsel, and this claim is due to be denied.

## III.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that the 28 U.S.C. § 2255 motion filed by Bates be DENIED with prejudice.

It is further

ORDERED that the parties are DIRECTED to file any objections to the said Recommendation on or before **September 4, 2015**.  Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting.  Frivolous, conclusive, or general objections will not be considered by the District Court.  The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District

Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); s*ee Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982); s*ee also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (*en banc*) (adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981).

Done this 21st day of August, 2015.

/s/ Wallace Capel, Jr.
WALLACE CAPEL, JR.
UNITED STATES MAGISTRATE JUDGE

15